UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS T. DOMINGO,<br><br>                Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | Case No. C19-659 MJP<br><br>**REPORT AND RECOMMENATION** |

    Before the Court is a 28 U.S.C. § 2254 petition for writ of habeas corpus that was originally filed in the Eastern District of Washington. *See* Dkt. 1. The petition was transferred to this District because it challenges petitioner's conviction and sentence for Child Molestation in the First Degree in King County No. 17-1-00064-3-KNT. Dkt. 3.

    Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. The Court has examined the petition. It plainly states petitioner has not presented to the state courts any of the grounds for relief therein. The Court also concludes that the grounds for relief asserted do not, in any event, support relief. Because the petition is unexhausted and fails to establish grounds for relief it should be dismissed. Leave to amend the petition should not be granted. Although petitioner proceeds *pro*

REPORT AND RECOMMENATION- 1

*se*, no amendment would cure the fact that petitioner has not presented his habeas claims to the state courts, and that the stated grounds provide a basis to grant federal habeas relief.

## DISCUSSION

**A.      Claims Raised in the Habeas Petition**

The habeas petition alleges petitioner was convicted in King County Superior Court in case number 17-1-00064-3-KNT and sentenced on November 16, 2018 to serve 51 months of imprisonment. Dkt. 1 at 1. Petitioner did not appeal the conviction. *Id*. at 2.

Petitioner seeks federal habeas relief raising four grounds for relief and affirmatively asserting that he has not presented any of these grounds to the Washington State Court of Appeals or to the State Supreme Court. Petitioner avers he did not present any of his habeas grounds for relief to the the Washington State Court of Appeals or Washington Supreme Court because "The State of Washington does not have the jurisdictional authority to decide on the United States Constitution matters, which are outside it's jurisdictional or statutory governing limits." *Id*. at 5.

In ground one, petitioner contends his conviction and sentence are invalid because he was not charged by an indictment of a Grand Jury in violation of the Fifth Amendment. *Id.*

In ground two, petitioner contends his conviction and sentence are invalid because Washington State "is acting in willful defiance of federal statutes by denying its residents the same Constitutionally guaranteed rights for due process of the law that are avaialabe to residents of several states." *Id*. at 7.

In ground three, petitioner contends his conviction and sentence are invalid and thus he has been enslaved in violation the Thirteenth Amendment. *Id.* at 8-9.

And in ground four, petitioner contends his rights under the Fifth and Fourteenth

REPORT AND RECOMMENATION- 2

Amendments have been violated because he was convicted and sentenced for a crime charged by Grand Jury Indictment. *Id.* at 11.

**B.     Exhaustion**

A habeas petitioner may pursue federal habeas relief only after he or she has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v.Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner was required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. He affirmatively avers he did not; each of the claims contained in his federal petition are consequently unexhausted. Petitioner contends he did not on present his grounds for relief to the state courts contending the state courts lack the "jurisdictional authority to decide on United States Constitution matters." Dkt. 1 at 6. This contention fails because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. In other words, state courts have the authority to determine whether the federal constitutional rights of a

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENATION- 3

state criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner rhas not exhausted state remedies as to any of his federal claims."). and the petition must be dismissed. As petitioner avers he has never presented his grounds for relief to the state courts, his federal petition should be dismissed.

**C.     Petitioner's Claims lack Merit**

Even if plaintiff had exhausted the claims asserted in his habeas petition, none of the claims have any merit and the petition should therefore be dismissed.

*1.     Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not charged by Grand Jury Indictment as required by the Fifth Amendment. The contention lacks merit because it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

*2.     Thirteenth Amendment and Slavery*

Petitioner also contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. It is unclear what facts support this contention. If petitioner is claiming that he performs work activity in the prison in violation of the Thirtheen Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude,

REPORT AND RECOMMENATION- 4

it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... " *Id* . § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If plaintiff is claiming the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utlizie a grand jury does not offend the due process clause. Petitioner has thus failed to present facts that would establish, in the slightest, a violation of the Thirteenth Amendment.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regards to the habeas petition. Habeas Rule 11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts and which also lack merit. Petitioner  should address whether a COA should issue in his written objections, if any, to this Report and

REPORT AND RECCOMMENATION- 5

Recommendation.

## OBJECTIONS AND NOTING DATE

Any objections to this Recommendation must be filed no later than **Monday, May 13, 2018**. If no objections are filed the matter will be ready for the Court's consideration on Friday**, May 17, 2016** and the Clerk should so note the matter. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 6th day of May, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENATION- 6